**In re Jimmy Roger MORGAN and Jamie Lynne Morgan, Debtors.**

**Jimmy Roger Morgan and Jamie Lynne Morgan, Movants,**

v.

**United States of America, by and through the Internal Revenue Service, Respondent.**

**No. A95–60522–REB.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Nov. 1, 2000.

---

Anne M. Bernstein, Law Office of Bob Dunn, Athens, GA, for movants.

Ann Reid, Trial Attorney, Tax Division, United States Department of Justice, Washington, DC, for respondent.

### ORDER ON DEBTORS' OBJECTION TO CLAIM

ROBERT E. BRIZENDINE, Bankruptcy Judge.

Before the Court is the objection of the above-named Debtor–Movants to the claim of Respondent, the United States of America, by and through the Internal Revenue Service, for unpaid income taxes (including interest and penalties) for the years 1987, 1988, and 1989. This matter comes before the Court on remand from the United States Eleventh Circuit Court of Appeals for a determination of whether appropriate facts exist to support this Court's exercise of its equitable powers under 11 U.S.C. § 105 for tolling the three-year period set forth in 11 U.S.C. § 507(a)(8)(A)(i) during the Debtors' prior bankruptcy case. *See Morgan v. United States (In re Morgan),* 182 F.3d 775 (11th Cir.1999). Upon consideration of the evidence and argument presented at a hearing held on October 3, 2000, and for the reasons given on the record, the Court concludes that the objection should be granted in part and denied in part.[1]

■ As discussed in previous orders, the legal effect of Debtors' prior bankruptcy case on the operation of the three-year

---

1. Debtors first filed for bankruptcy relief in August 1990. That case was dismissed in October 1994 and the above-named Chapter 13 case was filed thereafter in January 1995.

time period contained in Section 507(a)(8)(A)(i) dictates whether or not a substantial portion of the government's claim for unpaid income taxes is treated as a priority claim in the present bankruptcy case.[2] Based on a review of the record, the Court finds and concludes, as a matter of equity, that the government did have a reasonable time to pursue collection of unpaid federal income taxes for 1987 and 1988 before Debtors filed their first bankruptcy case in August 1990. Thus, the Court concludes that the three-year period provided in Section 507(a)(8)(A)(i) should not be equitably tolled with respect to Debtors' tax liability for 1987 and 1988, and therefore, the priority status for such taxes is denied in this case.

Regarding Debtors' tax liability for 1989, however, the Court finds that the government did not have sufficient time to pursue collection efforts against Debtors. The Debtors' income tax return for 1989 was due on April 15, 1990 and taxes were assessed on May 28, 1990, but the government had only 70 days from the date of assessment until the Debtors filed their first bankruptcy case on August 6, 1990 to collect the unpaid taxes. Thereafter, the government had to look solely to payments under Debtors' confirmed Chapter 13 plan for satisfaction of its claim. As previously noted, this case was later dismissed and the tax claim was not satisfied.

■ The Court finds that Debtors did not engage in dilatory conduct or act in bad faith in filing successive cases, but it is not necessary under the ruling of the Eleventh Circuit to establish such conduct before the equities can be adjudged in favor of the government. *Morgan,* 182 F.3d at 779–80 & 780 n. 8. The fact remains that the government was denied a sufficient period of time to collect the unpaid 1989 income taxes before the Debtors' prior filing and, while that case was pending, except for Chapter 13 plan payments, the government was prohibited by reason of the automatic stay from exercising collection efforts against the Debtors for approximately four years.

As a consequence of the dismissal and the filing of the second case by Debtors, the government was placed in a position of disadvantage in terms of the priority status treatment for its unsatisfied 1989 tax claim in two ways. First, due to the relatively short period between dismissal and the filing of the second case herein, the government had little time to exert full collection activity and had only started the process of sending the series of notices required to collect Debtors' 1989 tax obligation. Secondly, even if these events did not constitute an abuse or manipulation of the bankruptcy process by Debtors, the timing and effect of these successive filings resulted in the government's apparent loss of priority status in the present case based on operation of the three-year time limit provision. The filing of this case following dismissal of the prior case brought this time limit to bear on the government's aging claim, even though the three-year period was exhausted during the ultimately unsuccessful first case when the government was stayed in its efforts to collect the full amount of its claim. On these facts,

---

2. Under the Bankruptcy Code, priority status is generally granted to certain claims of the government for unpaid taxes less than three years old. The government's tax claim was not satisfied in Debtors' prior bankruptcy case which remained pending for over four years. Thus, if this three-year period is not tolled, the tax claims in question will not be entitled to treatment as priority claims herein. The three-year limitation provision states as follows:

(a) The following expenses and claims have priority in the following order:

. . . .

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition. . . .

11 U.S.C. § 507(a)(8)(A)(i).

the Court concludes that equity should be applied to toll the three-year period for determining priority claim status for Debtors' 1989 income tax liability. Therefore, the Court will exercise its equitable powers under Section 105 to toll the three-year period set forth in Section 507(a)(8)(A)(i) with regard to the Debtors' federal income tax obligation for 1989.

Accordingly, based on the above reasoning, and as stated on the record, it is

**ORDERED** that the Debtors' objection to the claim of the United States of America, by and through the Internal Revenue Service, be, and hereby is, **granted in part and denied in part** as follows:

3. Subsequent to the Court's announcement of its ruling on the record after the hearing held on the above matter, the parties stipulated to

The amount of $1,050.00 is allowed as a secured claim; the amount of $7,312.67 is allowed as an unsecured priority claim; and the amount of $16,857.79 is allowed as an unsecured claim.[3]

The Clerk is directed to serve a copy of this Order upon those persons identified on the attached distribution list.

**IT IS SO ORDERED.**

the actual allowed claim amounts and same are adopted herein as findings of the Court.